Elidio MARTINI, ·
*Respondent,*

*v.*

BEAVERTON INSURANCE AGENCY, INC.,
dba Beaverton-Tigard Insurance Agencies,
*Appellant.*

(A8704-02146; CA A49993)

798 P2d 704

James M. Callahan, Portland, argued the cause for appellant. With him on the briefs was Bittner & Barker, P.C., Portland.

Michael H. Bloom, Portland, argued the cause for respondent. With him on the brief was Thomas F. Spaulding, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant appeals from a judgment entered on a jury verdict finding it negligent in its provision of insurance coverage. We affirm.

Plaintiff owned and ran a business that operated a restaurant. Starting in 1980, he leased the premises for the restaurant from Aizawa. The lease required him to maintain liability insurance for the lessor, "insuring both the lessor and the lessee against all liability for damages to person or property in or about said leased premises[.]" The lease also required plaintiff to hold Aizawa harmless from claims arising from plaintiff's failure to comply with any covenant of the lease.

From 1980 to 1984, plaintiff bought insurance for the premises through an agent named Riscietti, and the policy included an "additional insured" endorsement to cover Aizawa. The endorsement stated:

"It is agreed with respect to the insurance afforded under the Personal Liability Coverage:

"1. The 'Persons Insured' provision is amended to include the person or organization named above, but only with respect to the ownership, maintenance or use of the premises designated above and operations necessary or incidental thereto.

"2. The insurance with respect to said person or organization does not apply to bodily injury to any employee of said person or organization arising out of or in the course of his employment by said person or organization."

Plaintiff paid no additional premium for the endorsement.

In 1984, plaintiff obtained insurance for the restaurant premises through defendant. Defendant's agent, Dorr, testified that plaintiff told him that he was purchasing the building from Aizawa, so he had no reason to believe that a lease was involved. Dorr testified that he did not see a copy of a lease. Plaintiff and plaintiff's employee testified that Dorr was given a copy of the lease. The liability policy that defendant obtained for plaintiff did not contain any endorsement insuring Aizawa.

Plaintiff was injured at the restaurant in 1985 and

sued Aizawa for negligent maintenance of the premises. Aizawa raised as an "affirmative defense" that plaintiff had failed to have him named as an additional insured on the policy and so had breached the lease agreement and was required to hold Aizawa harmless for any amount that plaintiff might recover personally from Aizawa. In other words, because Aizawa was not insured for plaintiff's claim and plaintiff's failure to buy Aizawa insurance for the claim was a breach of the lease, plaintiff would have to indemnify Aizawa for any amount that plaintiff might recover. Plaintiff settled with Aizawa for a small sum and then sued defendant, claiming that defendant's negligence in not procuring the "additional insurance" endorsement for Aizawa's benefit greatly reduced the settlement value of his personal injury claim.

The case was bifurcated. The jury first heard evidence in the underlying personal injury action between plaintiff and Aizawa. The jury found that plaintiff's damages caused by Aizawa were far higher than his settlement. The parties then presented evidence concerning defendant's negligence in not procuring coverage for Aizawa.[1] Under plaintiff's theory, defendant breached the standard of care in the insurance industry by not procuring an additional insured endorsement, which, plaintiff argues, would have met the requirements under the lease to insure the lessor for the lessor's own negligence.[2]

The court used a special verdict form that asked whether defendant was negligent and in what proportions defendant and plaintiff were negligent in failing to procure coverage. The jury found that defendant was 70 percent negligent and that plaintiff was 30 percent negligent. The trial court reduced plaintiff's damages from the first phase by the amount plaintiff had received from Aizawa and an additional 30% and entered judgment for plaintiff for $36,231.93.

Plaintiff presents the novel theory that he would have recovered more in his personal injury claim against a third party, his lessor, had defendant insurance agency not

---

[1] Plaintiff also presented a breach of contract claim that was rejected by the jury. He does not appeal the disposition of that claim.

[2] The court ruled that the lease required plaintiff to secure insurance to cover Aizawa's own negligence, and defendant does not challenge that ruling.

been negligent in failing to include insurance coverage for his landlord in plaintiff's liability insurance policy.

Defendant assigns as errors the trial court's denial of its motion for directed verdict and a number of its instructions to the jury. All of defendant's arguments are connected to the impact of omitting the additional insured rider from plaintiff's policy. Because of the unusual nature of plaintiff's theory, we will set out each element needed to prove plaintiff's negligence claim and will review defendant's assignments of error in that context.

■■ Plaintiff had to prove both that defendant's act or omission breached the standard of care *and* that it caused damage to plaintiff. Because plaintiff claims that defendant negligently failed to provide lessor liability insurance, the first question is whether defendant knew or should have known that a lease was involved. There was conflicting testimony, with defendant's agent testifying that he was told that plaintiff was buying, not leasing, the building and plaintiff and his employee testifying that defendant's agent was given a copy of the lease. The jury verdict form did not ask whether the jury believed that defendant's agent knew of the lease, but it necessarily found that he did, because otherwise it could not have found defendant negligent in failing to acquire the insurance.

■ Next, plaintiff had to establish the standard of care by proving what a prudent agent would have done. The only evidence was that an agent, on review of plaintiff's lease, would have decided that an additional insured endorsement was required to cover the lessor's liability. All that is necessary to prove a breach of the standard of care is to show that the endorsement was not provided. Plaintiff's policy includes no such endorsement. The jury could find that the standard of care was breached.

The next question is whether defendant's breach caused plaintiff's damages. We have said that the agent breached the standard of care in failing to procure the endorsement. Defendant argues, however, that the endorsement would only have covered vicarious liability, so that, even if the endorsement had been purchased and attached to plaintiff's policy, it would not have covered Aizawa for his own

negligence. Although plaintiff, as lessee, had an absolute contractual duty to buy insurance covering Aizawa's own negligence, the agent is only liable if the policy that he would have procured in the exercise of ordinary care would have covered Aizawa's own negligence. Because this is a negligence action, if a reasonably prudent agent, after reviewing plaintiff's lease, would have procured insurance that only covered vicarious liability, defendant's negligent breach could not have caused plaintiff damage. Defendant argues that it was error for the court to find as a matter of law that the endorsement, which the agent should have procured, would have covered Aizawa's own negligence and argues that, at the very least, the court should have given that issue to the jury.

■ There was conflicting evidence on the scope of coverage afforded by the endorsement, which the parties seem to agree was like the one contained in the earlier policies and quoted above. One expert testified that, in the insurance industry, such endorsements cover a landlord's own negligence, but a second expert testified that the endorsements are only used to cover a landlord's vicarious liability and that a more expensive "lessor's risk" endorsement is needed to cover a landlord's own negligence. That fact dispute would preclude taking the issue from the jury unless we can say that the policy would or would not cover the lessor's own negligence as a matter of law. The interpretation of a provision of an insurance contract is a matter for the court unless it is ambiguous.

■ We conclude that the endorsement that the parties seem to agree should have been provided would have covered Aizawa's own negligence in the maintenance of the premises. The endorsement was not ambiguous, no expert testimony was required, and there was no error in removing that question from the jury.

■ Defendant also argues that, as a matter of law, the insurance policy's "employee" exception clause prevents plaintiff from making a claim on the policy:

"This insurance does not apply:

"* * * * *

"j.   to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury * * *."

He argues that, because plaintiff was an employee of his own company, liability for his injury would not have been covered, even if plaintiff had secured additional insurance for Aizawa. Plaintiff contends that he would not have been excluded under the additional insured endorsement, because the exclusion would have applied only to employees of the insured claiming coverage, employees of Aizawa.

■    In *Cimarron Ins. Co. v. Travelers Ins. Co.,* 224 Or 57, 72, 355 P2d 742 (1960), the Supreme Court stated that, if the scope of an employee exclusion clause in an insurance policy is ambiguous, the exclusion applies only to employees of the insured seeking coverage. In this case, the exclusion does not specify which insured's employees are referred to, and in that respect it is ambiguous. We hold that the policy exclusion applies only to employees of the insured who seek the protection of the policy, so that the exclusion would not have precluded coverage for Aizawa's liability to plaintiff. Defendant also assigns as error the court's striking of its affirmative defense that plaintiff was negligent in failing to read his insurance policy. It is settled law in Oregon that an insured's failure to read an insurance policy is not a defense to a claim that the insurer was negligent in writing the policy. *Precision Castparts v. Johnson,* 44 Or App 739, 607 P2d 763 (1980). It follows that the same is true when the claim is against an agent for failure to procure the coverage. Defendant argues that *Precision Castparts* was decided incorrectly in the light of the enactment of Oregon's comparative fault legislation and in the light of the foreseeable risk of harm doctrine established in *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 734 P2d 1326 (1987). There is no merit in the argument.

There is also no merit to defendant's other assignments of error.

Affirmed.