HARTFORD FIRE INSURANCE COMPANY, an authorized insurer, Plaintiff,

v.

N.W. METAL FABRICATORS, INC., an Oregon corporation, Defendant/Third Party Plaintiff,

v.

David R. SMITH and Spencer–Kinney, Inc., a corporation, Third Party Defendants.

Civ. No. 91–1211.

United States District Court, D. Oregon.

June 24, 1992.

Douglas G. Houser, Ronald J. Clark, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, Or., for plaintiff.

Dale L. Smith, Hermiston Legal Center, P.C., Hermiston, Or., for defendant/third party plaintiff.

James M. Callahan, Callahan & Shears, P.C., Portland, Or., for third party defendants.

## OPINION

PANNER, District Judge.

Plaintiff Hartford Fire Insurance Company brings this action for declaratory judgment against defendant N.W. Metal Fabricators, Inc., its insured, seeking a judicial declaration of "no coverage" under an insurance contract. Plaintiff moves for summary judgment on two of defendant's three counterclaims. Defendant moves for partial summary judgment on one of the counterclaims. I grant plaintiff's motion and deny defendant's motion.

## BACKGROUND

Defendant entered into an insurance contract with plaintiff through insurance broker David Smith and Spencer–Kinney, Inc. Under the contract, plaintiff provided insurance coverage to defendant for damage to defendant's real and personal commercial property. The "described premises" under the contract was defendant's business location in Hermiston, Oregon.

Sometime during 1989 or 1990, defendant began expanding its operations into Idaho and informally conducting business there. Then, at least six months prior to June 19, 1991, defendant constructed a large lean-to type shed on personal property belonging to his in-laws. He stored personal property belonging to his business at this shed.

On June 19, 1991, a fire extensively damaged the shed and some of defendant's personal property. Defendant submitted an insurance claim to plaintiff for $134,750.97 for loss of business personal property. Plaintiff denied the claim.

### STANDARDS

The court should grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir.), *cert. denied*, 493 U.S. 809, 110 S.Ct. 51, 107 L.Ed.2d 20 (1989).

The substantive law governing a claim determines whether a fact is material. *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987). The court should resolve reasonable doubts about the existence of a material factual issue against the moving party. *Id.* at 631. The court should view inferences drawn from the facts in the light most favorable to the nonmoving party. *Id.* at 630–31.

### DISCUSSION

■ At issue are defendant's breach of contract and negligence counterclaims. Defendant seeks coverage for its personal property losses, not the real property loss. Plaintiff denied defendant's claim because it determined that coverage for business personal property is limited to property kept at the designated "described premises" which was in Hermiston.

At issue are the following provisions of the contract:

A. Coverage

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

1. Covered Property

Covered property, as used in this Coverage Part, means the following types of property for which a Limit of Insurance is shown in the declarations:

. . . . .

b. Your Business Personal Property located in or on the building described in the Declarations ... consisting of the following unless otherwise specified in the Declarations on Your Business Personal Property—Separation of Coverage form:

. . . . .

(4) All other personal property owned by you and used in your business.

. . . . .

5. Coverage Extensions

Except as otherwise provided, the following Extensions apply to property located in or on the building described in the Declarations ...

. . . . .

a. Newly Acquired or Constructed Property

(2) You may extend the insurance that applies to Your Business Personal Property to apply to that property at any *location* you acquire ... (emphasis added)

(3) Insurance under this Extension for each newly acquired or constructed property will end when any of the following first occurs:

. . . . .

(b) 30 days expire after you acquire or begin to construct the *property;* (emphasis added).

The resolution of the breach of contract claim depends on the interpretation of "location" and "property" in sections 5a(2) and 5a(3)(b). Initially, section 5a(2) refers to extending coverage for "your business personal property." The contract makes clear that "business personal property" is personal property owned by the insured, used in the insured's business, and located in or on the building described in the contract's declarations. Here, that means property owned by defendant, used in defendant's business, and located at the site in Hermiston.

Section 5a(2) then provides that coverage will be extended for business personal property to apply to that property at any *location* the insured acquires. This indicates that the business personal property must first be covered property at the original premises before moving it to a newly acquired or constructed location. If it was so covered at the original premises, the insured can extend the coverage to that business personal property at the new location.

The problem comes with the word "property" under section 5a(3)(b). The issue is whether "property" refers to real property or whether it means "business personal property." Plaintiff argues that it means "location" or real property. I agree.

First, the policy uses the words "acquire or begin to construct." Because personal property items are not usually "constructed," the drafters were referring to real property. Additionally, when the drafters meant "business personal property" they called it exactly that, or, referred to "that property" immediately after having called it "business personal property."

Defendant maintains that plaintiff should cover the loss because the lost business personal property located at the Idaho site was acquired within thirty days of the fire. Thus, defendant's reading of "property" in section 5a(3)(b) is as "business personal property." In addition to the reasons given above, I reject defendant's argument because insurers would be unlikely to extend coverage to previously uninsured personal property stored at undisclosed business locations. And, as I noted earlier, the policy makes clear that business personal property means property initially covered at the insured's original location and then moved to a newly acquired or constructed location.

The interpretation of a provision of an insurance contract is a matter of law for the court unless it is ambiguous. *Martini v. Beaverton Ins. Agency, Inc.*, 103 Or. App. 587, 592, 798 P.2d 704, 707 (1990), *rev. granted*, 817 P.2d 272 (1991). A contract provision is ambiguous if it is capable of more than one sensible and reasonable interpretation. *Deerfield Commodities v. Nerco, Inc.*, 72 Or.App. 305, 317, 696 P.2d 1096, 1104–05 (1985).

If a provision in an insurance contract is ambiguous and there is no other evidence of its meaning, it is strictly construed against the insurer and in favor of extending coverage to the insured. *Shadbolt v. Farmers Ins. Exch.*, 275 Or. 407, 411, 551 P.2d 478, 480 (1976). Language not reasonably susceptible of more than one meaning should not be rendered ambiguous by attributing possible but unlikely meanings to the terms employed without some basis in the policy for doing so. *Western Fire Ins. Co. v. Wallis*, 289 Or. 303, 308, 613 P.2d 36, 38 (1980).

Here, though defendant's interpretation of the insurance policy is possible, it is unlikely. Read in its totality, the language is readily susceptible of only one meaning: the word "property" in section 5a(3)(b) refers to real property. The contract is not ambiguous. Because defendant's property was never covered at the Hermiston location, it is not covered under the extension provision.

■ Defendant alleges in its second counterclaim that plaintiff was negligent because it did not advise defendant that the insurance contract was limited to personal property at the insured's premises. Plaintiff relies on the affidavit and loss control report of its loss control engineer, Gary Larsen. Larsen states that Sharon Francis, defendant's bookkeeper, told Larsen that the Idaho location was covered under another policy. Francis, however, states in

an affidavit submitted by defendant, that she never told Larsen that the Idaho location was so covered. Thus, there is a disputed issue of fact.

Nonetheless, I grant plaintiff's motion on this claim. For the purposes of this motion, I assume Francis did not tell Larsen that the Idaho property was covered under another policy. However, I have found no legal authority to support defendant's theory that plaintiff had a duty to advise defendant of "gaps" in its insurance coverage. Though Smith, the broker, may have been wise to do this, it certainly is not plaintiff's duty to continually offer such insurance coverage to its insureds.

### CONCLUSION

Plaintiff's motion for summary judgment on the breach of contract and negligence counterclaims (# 17) is granted. Defendant's motion for summary judgment (# 24) is denied.